IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LONG,

       Plaintiff,

  -vs-                                                               No. Civ. 07-0629  LH/LFG

LOCKHEED MARTIN SERVICES, INC.;
LOCKHEED MARTIN, INC.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment (Docket No. 6), filed October 17, 2007. The Court, having reviewed the Motion, the record, and the applicable law, and otherwise being fully advised, finds that Plaintiff's Motion is not well taken and it will be **denied**.

The Clerk entered default in this matter on September 24, 2007. (*See* Clerk's Entry of Default (Docket No. 5).) Plaintiff now moves the Court for Default Judgment against Defendants Lockheed Martin Services, Inc. and Lockheed Martin, Inc. on his Complaint for Civil Rights Violations and requests an evidentiary hearing regarding his claims for unliquidated damages in the amount of $10 million. Neither Defendant has entered its appearance.

Rule 55, "Default; Default Judgment," provides in relevant part:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

    (b) Entering a Default Judgment.
        . . . .
        (2) By the Court. . . . the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
           (A) conduct an accounting;
           (B) determine the amount of damages;
           (C) establish the truth of any allegation by evidence; or
           (D) investigate any other matter.
    (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).
    . . . .

FED. R. CIV. P. 55.  "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996).

    Plaintiff asserts in his Motion for Default Judgment, as he did in his Request for Entry of Default ((Docket No. 4), filed August 24, 2007), that Defendants were properly served by sending a summons and a copy of the Complaint to their registered agent via United States Postal Service Priority Mail.  In support, he offers only a postal receipt confirming the ZIP code to which the envelope was sent and showing that delivery confirmation was purchased (Pl.'s Mot. Default J. Ex. B) and a copy of the United States Postal Service Track & Confirm web page showing that the item was delivered to that ZIP code (*id.* Ex. C).

    Notwithstanding the paucity of evidentiary proof of service in this matter, it is clear that even accepting Plaintiff's proffer, he has not properly served Defendants.  "Unless federal law provides otherwise . . . , a domestic . . . corporation . . . must be served . . . in the manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and of the complaint to . . . any . . . agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the

defendant . . . ."  FED. R. CIV. P. 4(h).  Pursuant to FED. R. CIV. P. 4(e)(1), "an individual . . . may be served . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Plaintiff admittedly did not deliver, but rather mailed, a copy of the Summons and Complaint to Defendants' agent.  Therefore, to have properly served Defendants, he must have followed the New Mexico law.  While the New Mexico Rules of Civil Procedure do provide for service on a corporation by mail, N.M.R.A. 1-004(G)(3) ("Service may be made on a [domestic corporation] by mail"),  such service has its own specific requirements:

> Service may be made by mail . . . provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant *signs a receipt for the envelope or package containing the summons and complaint* . . . . Service by mail . . . shall be complete on the date the receipt is signed as provided by this subparagraph."

*id.* 1-004(E)(3)(emphasis added).

Plaintiff has provided no signed receipt in support of either his Request for Entry of Default or his Motion for Default Judgment.  Thus, he has not shown that he made proper service on Defendants and his Motion for Default Judgment must be denied and the Clerk's Entry of Default set aside.  *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) ("As a precondition to entry of either default or default judgment, Fed. R .Civ. P. 55(a) requires a showing that the party has 'failed to plead or otherwise defend as provided by these rules.'  Thus, where, as here, the plaintiffs cannot make such a showing, because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper.").

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Docket No. 6), filed October 17, 2007, is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default (Docket No. 5), filed September 24, 2007, is **SET ASIDE**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**