**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

DAVID LONG,

      Plaintiff,

v.   No. Civ. 07-0629 LH/LFG

LOCKHEED MARTIN SERVICES, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff David Long's Motion for a Continuance and for an Extension of Time to File his Response (Doc. 25, filed July 17, 2008), and on Plaintiff's Second Motion for a Continuance and for an Extension of Time to File his Response (Doc. 27, filed August 4, 2008). The Court, having considered the briefs, the applicable law, and otherwise being fully advised, finds that Plaintiff's motions should be granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff filed a seven-count complaint against Defendant Lockheed Martin Services, Inc., arising from its failure to hire him for a flight instructor position. Plaintiff, a 53-year old, white, non-Hispanic male alleges that Defendant hired a less qualified 44-year-old Hispanic male for the position and that none of Defendant's proffered reasons for selecting Plaintiff were legitimate. Plaintiff contends that Defendant discriminated against him on the basis of race, national origin, and age. Plaintiff asserts claims in Counts I through IV of his complaint for violations of his civil rights under 42 U.S.C. §§ 1981, 2000, and 2000e; the Age Discrimination in Employment Act of 1967; and the New Mexico Human Rights Act. Plaintiff also alleges state law claims for breach of implied contract (Count V), breach of implied covenant of good faith and fair dealing (Count VI), and

promissory estoppel (Count VII) arising from Defendant's failure to adhere to its promises to provide Plaintiff with other employment opportunities equitably as compared to his coworkers based upon work performance, responsibility, experiences, qualifications, and other work-related criteria.

On March 10, 2008, Defendant answered and asserted numerous affirmative defenses, including that "Counts V, VI, and VII of the Complaint are preempted by the federal Labor-Management Relations Act ('LMRA')." Doc. 11 at 21.  On April 17, 2008, Chief Magistrate Judge Lorenzo F. Garcia held a Rule 16 scheduling conference, in which he addressed the preemption issue and asked Plaintiff if he were willing to voluntarily dismiss those three claims, which might also result in Defendant dropping its request for attorney's fees.  *See* Docs. 16, 28.  Judge Garcia requested that the parties resolve the issue informally, if possible, and ordered counsel for Defendant, Mr. William Gilchrist, to provide Plaintiff's counsel, Mr. Paul Gayle-Smith, with a letter outlining legal authorities concerning preemption.  Afterwards, Judge Garcia entered a Scheduling Order (Doc. 17), setting a termination date for discovery on September 17, 2008.

On May 7, 2008, Defendant's counsel sent Mr. Gayle-Smith a letter outlining preemption law.  When Mr. Gayle-Smith did not respond to the letter, Defendant's counsel sent a follow-up letter on June 11, 2008, asking for a response and informing him that Defendant would file a motion to dismiss the claims allegedly subject to preemption if it did not receive a reply.  Mr. Gayle-Smith responded that he was on vacation and would return in July.

On July 1, 2008, Defendant filed a Motion for Summary Judgment on Counts V, VI, and VII, arguing that these claims are preempted by the collective bargaining agreement applicable to his employment.  Defendant also requested an award of attorneys' fees, contending that Counts V, VI, and VII are without merit and so frivolous as to amount to bad faith litigation practices.

Plaintiff's counsel returned from vacation on July 12, 2008, but then became ill for several

2

days due to food poisoning. On July 17, 2008, Plaintiff filed a motion for an extension of time to file his response until after July 30, 2008. *See* Doc. 25. Defendant's counsel agreed to an extension until July 25, 2008, but no longer, arguing that additional delays will prejudice Defendant because it will have to continue to address the preemption issue in discovery and in its deposition of Plaintiff.

On August 4, 2008, Plaintiff filed a second request for an extension of time to file his response to the summary judgment motion until after August 18, 2008. Doc. 27. He noted that neither he nor Defendant had conducted any depositions and that there had been no discovery other than initial and minimal supplemental disclosures to date. He requested time to conduct discovery under Federal Rule of Civil Procedure 56(f) in order to fully respond to Defendant's motion.

Chief Magistrate Judge Garcia held a telephonic status conference on August 4, 2008, approximately six weeks before the close of discovery. *See* Doc. 28. When asked what discovery had been undertaken and what remained to be done, Mr. Gayle-Smith stated that no discovery had yet been propounded, but that he intended to serve interrogatories, requests for production, and requests for admission and to take depositions. *Id.* Judge Garcia reminded Mr. Gayle-Smith that discovery is untimely unless responses can be provided prior to the close of discovery, and thus, that he had only a few days left to serve discovery requests. He also warned him that, given the 14-day notice requirement for depositions, there likely was not enough time for Plaintiff to await responses to written discovery requests before setting depositions. Judge Garcia noted that, given the fact that no discovery had yet been completed, the Court was not likely to grant any extensions of time for discovery.

Defendant filed a response to Plaintiff's second motion for continuance on August 6, 2008, arguing that it should be denied because Plaintiff has not even attempted to comply with the requirements of Rule 56(f). Doc. 30.

**II.     ANALYSIS**

Federal Rule of Civil Procedure 56(f) provides:

If a party opposing [a motion for summary judgment] *shows by affidavit* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

Fed. R. Civ. P. 56(f) (emphasis added).  Summary judgment should generally be refused where the non-moving party has not had the opportunity to discover information that is essential to his opposition.  *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  Although relief under Rule 56(f) is generally liberally granted, it does not come automatically.  *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007).

"A party may not invoke Fed. R. Civ. P. 56(f) by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable."  *Ben Ezra, Weinstein, and Company, Inc. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).  Rule 56(f) requires that the party seeking additional discovery submit an affidavit "identifying the probable facts not available and what steps have been taken to obtain these facts" and explaining "how additional time will enable him to rebut movant's allegations of no genuine issue of fact."  *Hackworth*, 468 F.3d at 732 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).  The movant must demonstrate precisely how additional discovery will lead to a genuine issue of material fact.  *Ben Ezra*, 206 F.3d at 987.

Plaintiff has not met his burden to show that he is entitled to relief under Rule 56(f).  As an initial matter, Plaintiff did not file an affidavit, as required by Rule 56(f).  *Campbell*, 962 F.2d at 1522 ("A prerequisite to granting relief, however, is an affidavit furnished by the nonmovant.").[1]  Plaintiff also failed to make the specific showings required to obtain discovery.  Although Plaintiff asserted that he needs affidavits from witnesses, training manuals, policy manuals, mission statements, and other documents in order to show that his claims are not based upon the collective bargaining agreement, he does not explain what *facts* these materials will probably contain to enable him to show there is a genuine issue of material fact for trial.  Plaintiff also does not explain what steps he has already taken to obtain the needed information.  Although discovery is not yet closed, Plaintiff had conducted virtually no discovery as of the date he filed the second motion for continuance, even though he was aware of the importance of the preemption issue since at least April 17, 2008, when he was so informed by Chief Magistrate Judge Garcia.  For all the foregoing reasons, Plaintiff has not shown that he is entitled to relief under Rule 56(f).  *See Hackworth*, 468 F.3d at 732 (holding that statements in response brief indicating that plaintiff had not had chance to review defendant's payroll records to determine if employee number was correct were insufficient to comply with Rule 56(f) because statements were not contained within affidavit, did not explain what steps had already been taken to obtain needed information, and did not explain how additional time would enable her to oppose summary judgment motion).

Nevertheless, the Court has discretion to grant a motion for extension of time to file a response brief.  *See* N.M. Local Rule 7.6(a).  Defendant does not argue that Plaintiff's initial motion

---

[1] Plaintiff failed to file the requisite affidavit to support his second motion for extension of time despite the fact that Defendant, in its response to Plaintiff's first motion for continuance, notified Plaintiff's counsel of his need to file an affidavit.  *See* Doc. 26 at 4.

to extend was untimely. Plaintiff has not yet filed his response, presumably because he is waiting for the Court's ruling on the extensions. The Court does not believe justice would be served by denying the motions to extend entirely, which would effectively disallow Plaintiff from filing a response at all, even though he had taken timely steps to obtain a continuance from the Court. The Court will therefore allow Plaintiff to file his response within three days from entry of this Memorandum Opinion and Order.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Continuance and for an Extension of Time to File his Response (Doc. 25) and Plaintiff's Second Motion for a Continuance and for an Extension of Time to File his Response (Doc. 27) are **GRANTED** in part and **DENIED** in part as follows:

1.  Plaintiff's request for additional time to obtain Rule 56(f) discovery for purposes of responding to Defendant's motion for summary judgment is **DENIED**; and

2.  Plaintiff's request for additional time to respond to Defendant's motion for summary judgment is **GRANTED** to the extent that Plaintiff must file his response to Defendant's motion for summary judgment within **THREE DAYS** from the date of the entry of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Due to the passage of time and given that discovery has been open during the pendency of these motions, Plaintiff has effectively been provided the additional time to conduct the discovery that he requested.